J.S36024-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID REDMOND | |
| Appellant | No. 2855 EDA 2013 |

Appeal from the PCRA Order September 30, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006047-2010

BEFORE: GANTMAN, P.J., JENKINS, J., and FITZGERALD, J.[*]

CONCURRING AND DISSENTING STATEMENT BY FITZGERALD, J.

**FILED AUGUST 07, 2014**:

I agree with the majority that Appellant was not entitled to relief based on his "newly discovered evidence" claim that the complainant allegedly lied about being sexually assaulted. In my view, however, the pleadings and documents submitted by the parties, as well as the PCRA court's analysis of the record, raise genuine issues of fact regarding Appellant's claim that trial counsel was ineffective for failing to call Karlesio Davenport at trial. Specifically, there remain issues of fact as to whether Davenport was awake or asleep at the time of the assault, whether he was able to observe the assault perpetrated by Appellant and his codefendant, and whether he could

---

[*] Former Justice specially assigned to the Superior Court.

credibly testify that Appellant and codefendant did not sexually assault the complainant.  As these issues bear upon the PCRA court's determinations that Davenport's proposed exculpatory testimony was implausible and that no prejudice inured from trial counsel's alleged ineffectiveness, I believe the court's disposition of this issue based only on a review of the pleadings and the record was not appropriate.  *See* Pa.R.Crim.P. 908(A)(2) (stating that "the judge shall order a hearing . . . when the petition for post-conviction relief or the Commonwealth's answer, if any, raises material issues of fact.").  Thus, I respectfully dissent from the majority's affirmance of the PCRA court's decision to deny this claim and would remand this case for an evidentiary hearing to consider Davenport's credibility, trial counsel's performance, and whether the absence of Davenport's proposed testimony resulted in prejudice.